IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN BURNETT, #319-215 <br>     Plaintiff, | * |
| | * |
| v. | CIVIL ACTION NO. JFM-06-2909 |
| | * |
| K. MILLS, et al., <br>     Defendants. | * |

******

**MEMORANDUM**

On November 3, 2006, plaintiff Kevin Burnett filed the instant civil rights complaint claiming that while incarcerated at the Maryland Correctional Training Center he was subjected to harassment, including denial of visitation by his fiancee, a former correctional officer of a different race. Plaintiff further alleged Officer Douglas denied him proper food portions during Ramadan and Warden Stouffer was aware of these facts and took no action. Paper No. 1.

Defendants have filed a dispositive motion. Paper No. 12. Plaintiff has not filed a response.[1] No hearing is needed to resolve the question as to whether plaintiff is entitled to relief. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, defendants' motion construed as a motion for summary judgment, shall be granted.

**1. Standard of review**

A genuine issue of material fact precluding summary judgment exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See*

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on March 28, 2007, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 13. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id*.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*,128 F.3d 191, 196 (4th Cir. 1997) (citing *Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

### 3. Analysis

**A.     Retaliation**

In order to prevail on a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment and generally, claims of retaliation are to be treated with skepticism. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone. *See Gill v. Mooney,* 824 F.2d 192, 194 (2d Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 942 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

Plaintiff claims that due to his relationship he was subjected to harassment by Defendant Mills. Paper No. 1. Plaintiff's unverified claim is conclusory. Moreover, he has failed to allege,

much less demonstrate, that he has suffered any harm as a result of the alleged conduct of Mills. In contradiction to plaintiff's claims, Mills avers that he was unaware that plaintiff was involved with a former correctional officer and that he did not engage in any retaliatory conduct toward plaintiff. Mills further avers that he did not make any derogatory racial or sexual remarks to plaintiff. Paper No. 12, Ex. 3. In light of the foregoing, defendants are entitled to summary judgment as to plaintiff's claims of retaliation.

**B.     Ramadan Meal**

Plaintiff claims that on October 11, 2006, he was to break his Ramadan fast at 8:30 p.m., but the meal was delayed until 9:05 p.m. He further states that he was "not given proper portions to sustain us until the sun went down and the new [sic] were only given regular portion trays." Paper No. 1.

"[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." *Pell v. Procunier*, 417 U.S. 817, 823 (1974). This concern, however, must be balanced against the constitutional rights of inmates which are not stripped away at the prison gate. *See Johnson v. Avery*, 393 U.S. 483, 486 (1969). Inmates retain the right to exercise their religious beliefs. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). It is clear that a neutral, generally applicable law ore regulation does not offend the free exercise clause even it has an incidental effect on religious practices. *See Employment Division, Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990). If a religion is not singled out and the regulation is neutral in its proscription, it will not be violative of the First Amendment. *See Hines v. South Carolina Department of Corrections*, 148 F.3d 353, 357 (4th Cir. 1998).

In the instant case, the delay to Muslim inmates breaking their Ramadan fast was

occasioned by inmate violence which resulted in a housing unit being placed on lock-down. The evening meal was then limited to participation by only one or two tiers at a time rather than the standard practice which allowed the inmates to go for their evening meal in large groups. Defendant Douglas avers this was done in order to prevent further disturbances within the institution and had the unintentional effect of delaying the time some inmates received meals. Paper No. 12, Ex. 4. The security measures appear necessary to maintain order within the institution and resulted in the delay of meals on one occasion. There is no suggestion that the implementation of this additional security measure throughout the institution on the day in question was intended to burden any inmate's free exercise of religion. Given the foregoing, it cannot be said that the delay or other interference with one meal on this particular day denied plaintiff the opportunity to participate in the observance of his faith.

**C. Visits**

Plaintiff states that he was denied visits from his fiancee, Ms. Fulton. He states that he believes visitation was denied solely because of their difference in race and because she is a former correctional officer. *Id*. Defendants agree that while housed at the Maryland Correctional Transition Center, plaintiff was not permitted visits from Lois Fulton, a former Correctional Dietary Officer. It appears that the Warden of MCTC, J. Michael Stouffer, restricted Fulton's visits due to security concerns over plaintiff's intimate relationship with a former correctional employee who had been terminated from employment. Paper No. 12, Ex. 2. Plaintiff does not allege that his visitation privileges were in any other way limited.

There is no constitutional right to unfettered visits while incarcerated. *See Kentucky Dept. of Corrections v. Thompson*, 490 U. S. 454, 460 (1989) *overruled on other grounds, Sandin v. Conner*, 515 U. S. 472 (1995). Prohibiting plaintiff from visiting with a former

correctional officer who had been terminated from employment appears reasonable under the circumstances. *See Overton v. Bazzetta* 539 U.S. 126, 132 (2003).

### 4. Conclusion

For all the foregoing reasons, defendants' motion for summary judgment shall be granted. A separate order follows.

<u>September 28, 2007</u>  _____/s/_____
Date    J. Frederick Motz
    United States District Judge